# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE GROSE, | ) | CASE NO.  1:06CV2720 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MANSFIELD CORRECTIONAL | ) | MEMORANDUM OPINION |
| INSTITUTION, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

The parties are before the Court on the Motion of defendant Margaret Bradshaw (Bradshaw) to Dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Docket No. 21.) Plaintiff Antoinette Grose (plaintiff) opposes the motion, and Bradshaw has filed a reply. (Docket Nos. 24 and 26, respectively.) For the reasons stated herein, defendant Bradshaw's motion to dismiss is **GRANTED.**

This litigation arises out of plaintiff's employment with defendant Mansfield Correctional Institution (ManCI). On November 10, 2006, Plaintiff filed her Complaint against the following defendants: Bradshaw; ManCI; Ohio Civil Service Employee Association, AFSCME Local 11 (Union); Ohio Department of Administrative Services (DAS); Andre Battle; and Janet Tobin. (Docket No. 1.) Plaintiff timely served all defendants except Bradshaw.[1]

---

[1] DAS was not identified as a defendant in the Amended Complaint, filed April 2, 2007, and is no longer a party to this litigation. Battle was also eliminated as a party to these proceedings.

On March 16, 2007, Judge Oliver held a Case Management Conference (CMC).[2] Bradshaw was not present because she had not yet been served. Following the Conference, the Court issued a Case Management Conference Order which provided that: "Plaintiff will review his [sic] Complaint and determine within 14 days whether or not he [sic] will dismiss some of his [sic] claims." (Docket No. 19.) Notably, the CMC Order made no mention of an extension of time in which to effect service. Defendant Bradshaw was finally served on March 27, 2007.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) directs a court to undertake a two part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If she has, then "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. *Henderson v. United States*, 517 U.S. 654, 662, n.10 (1996); *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Establishing good cause is the responsibility of the party opposing the motion to dismiss, and "necessitates a demonstration of why service was not made

---

[2] This lawsuit was originally assigned to the docket of the Honorable Solomon Oliver Jr. The matter was reassigned to the docket of the Honorable Sara Lioi on March 29, 2007.

within the time constraints." *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994). *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

The Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of "good cause" such that untimely service may be excused. *See e.g., Habib*, 15 F.3d at 73 (finding "good cause" where a seriously ill, *pro se* plaintiff made a good faith yet ultimately flawed effort to perfect service); *Byrd v. Stone,* 94 F.3d 217, 220 (1996) (a plaintiff proceeding *in forma pauperis* failed to perfect service due to errors made by the court clerk and United States Marshals assigned to the task). By contrast, the Sixth Circuit has refused to find "good cause" based on vague claims of hardship or unexpected difficulties in perfecting service. *See e.g.*, *Nafziger,* 467 F.3d at 521-22 ("personal matters involving the welfare of counsel's young children," coupled with a lack of assistance from co-counsel, did not constitute "good cause"). Moreover, "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citations omitted).

Under Rule 4(m), the Court has discretion to permit late service even absent a showing of good cause.[3] *Osborne*, 217 F.R.D. at 408. *See Henderson*, 517 U.S. at 662. While the Court has the discretion to fashion an appropriate remedy for failing to effectuate service, "exercising that discretion necessarily means that relief in the form of an extension is not

---

[3] Former Fed. R. Civ. P. 4(j) compelled dismissal of an action as to any defendant that had not been timely served absent a showing of "good cause." In 1993, the text of subsection (j) was amended and relocated to subsection (m). The new language confers discretion upon the district court to enlarge the 120-day period for service, even absent a showing of "good cause." As such, the majority of courts that have addressed the issue have reached the conclusion that "good cause" is no longer necessary to forgive untimely service. *See e.g., De Tie v. Orange County*, 152 F.3d 1109, 1111-12 & n. 5 (9th Cir. 1998); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307-08 (3d Cir. 1995). While the Sixth Circuit has yet to directly address this issue in a reported decision, it has indicated in an unreported decision that such discretion is available. *See Stewart v. TVA*, 2000 U.S. App. LEXIS 29904, *2 *(6th Cir. Nov. 21, 2000), *citing Henderson,* 517 U.S. at 662. Moreover, other districts within the circuit have reached a similar conclusion. *See Turner v. Grant County Det. Ctr.*, 2007 U.S. Dist. LEXIS 34290, *5 (E.D. Ky. May 10, 2007); *In re Lopez*, 292 B.R. 570, 575-76 (E.D. Mich. 2003); *Osborne*, 217 F.R.D. at 408. This Court agrees with the majority of courts that have found that the clear language of Rule 4(m) permits such discretion.

afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service." *Turner v. Grant County Det. Ctr.*, 2007 U.S. Dist. LEXIS 34290, *5.

Plaintiff does not dispute the fact that she failed to properly serve Bradshaw within 120 days of filing her Complaint. Instead, plaintiff argues in the alternative that either she had good cause for failing to timely serve Bradshaw, or that the CMC Order somehow acted as an extension of service. The Court finds neither argument persuasive.

As this Court understands it, it is plaintiff's position that the CMC Order somehow acted as an extension of deadline for service. (Docket No. 24 at 1.) There is absolutely no language in the CMC Order that would support such an interpretation. Of course, the CMC Order makes no mention of an extension of service. Moreover, the mere fact that the Court granted plaintiff a brief leave to determine "whether or not he [sic] will dismiss some of his [sic] claims" did not excuse any failures or shortcomings in the case to date. As such, the CMC Order cannot rescue the untimely service.

Plaintiff also contends that she had "good cause" for failing to timely serve Bradshaw, and that this Court should therefore relieve her of the 120-day service requirement prescribed by Rule 4(m). However, plaintiff points to no demonstrable reason for her untimely service upon Bradshaw. Plaintiff merely contends that Bradshaw was not prejudiced by the delay in service, and that therefore this Court should find that good cause existed for the delay. A lack of prejudice, however, does not automatically constitute "good cause." *See Moncrief v. Stone*, 961 F.2d, 595, 597 (6th Cir. 1992) (rejecting the argument that "the phrase 'good cause' should be read expansively to include all cases where a defendant is not prejudiced").

Plaintiff further suggests that Bradshaw somehow evaded service and that this Court should excuse the delay for that reason. (Docket No. 24 at 3.) Without support, plaintiff appears to argue that the decision to transfer Bradshaw to another position was motivated by a desire to allude plaintiff. Of course, plaintiff could have easily located Bradshaw, a federal government employee, through any number of easily accessible public sources. Furthermore, based upon defendant ManCI's Answer to the original Complaint, plaintiff was on notice as of January 2, 2007 that Bradshaw was no longer employed as the Warden of ManCI. (Docket No. 4, Ans. at ¶ 4.) Accordingly, the Court finds no good cause to save the claims against Bradshaw from dismissal under Rule 4(m).

Finding no good cause shown, the Court must still determine if it should exercise its discretion to further expand the time for service. *See In re Lopez*, 292 B.R. at 574; *Osborne*, 217 F.R.D. at 408. While dismissal may prejudice plaintiff in that her claim under 42 U.S.C. § 1983 is brought solely against Bradshaw, the fact that a dismissal without prejudice may doom this particular claim, alone, does not require a district court to extend the time for service of process. *See Nehls v. Hillsdale College*, 2004 U.S. Dist. LEXIS 8588, *17 (W.D. Mich. Feb. 20, 2004) (the fact that the statute of limitations had run on plaintiff's claim did not mandate an extension of the time for service), *citing Panaras*, 94 F.3d at 341. This prejudice is mitigated, however, by the fact that plaintiff will still be able to pursue redress for the wrongs alleged in the Amended Complaint through other claims. *See Turner*, 2007 WL 1433930, *2 (suggesting the lack of a compelling reason to extend the time for completing service in the absence of a showing that the plaintiff would otherwise be denied the opportunity to obtain relief). Balanced against this possible prejudice is the fact that plaintiff's counsel has not diligently pursued service. Given the fact that plaintiff's counsel failed to even "take[] the simple

- 6 -

step of requesting an extension of time" to perfect service, the Court is unwilling to reward such laxity.  *See Nafziger*, 467 F.3d at 522.

For the foregoing reasons, defendant Bradshaw's Motion to Dismiss Plaintiff's Complaint (Docket No. 21) is **GRANTED.** All claims are hereby **DISMISSED WITHOUT PREJUDICE** against defendant Bradhsaw, and Count II of the Amended Complaint, brought solely against defendant Bradshaw, is hereby **DISMISSED** in its entirety **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 24, 2007                                      *s/ Sara Lioi*
                                                                                      Hon. Sara Lioi
                                                                                      United States District Judge