UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTOINETTE GROSE,** | ) | Case No. 1:06CV2720 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **MANSFIELD CORRECTIONAL** | ) | |
| **INSTITUTION, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

        Plaintiff Antoinette Grose (plaintiff) filed the present action against defendants[1] raising claims under various federal and state statutes, and alleging that she was sexually harassed by her supervisor, and was wrongfully deprived employment opportunities and unjustly restricted in her pursuit of redress for her supervisor's misconduct. Plaintiff further claims that individual defendants Tobin and Bradshaw conspired to subject her to a hostile work environment.

        Pursuant to Fed. R. Civ. P. 12(c), defendants ManCI and Tobin[2] have filed a motion for judgment on the pleadings on all claims. (Docket No. 5.) Plaintiff opposes the motion, and defendants ManCI and Tobin have filed a reply. (Docket Nos. 6 and 9, respectively.)

---

[1] In her original Complaint, plaintiff identified the following entities and individuals as defendants: Mansfield Correctional Institution (ManCI); Ohio Civil Service Employee Association, AFSCME Local 11 (Union); Ohio Department of Administrative Services (DAS); Margaret Bradshaw (Bradshaw), former Warden at ManCI; Officer Andre Battle (Battle); and Janet Tobin (Tobin), human resource employee at ManCI. In her Amended Complaint, only ManCI, Union, Bradshaw, and Tobin remain as defendants.

[2] Officer Andre Battle joined defendants ManCI and Tobin in their Rule 12(c) motion.

DAS has also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Docket No. 17.)

For the reasons that follow, the motion of defendants ManCI and Tobin for judgment on the pleadings is **GRANTED** in part, and the motion of DAS to dismiss is **DENIED** as moot.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is employed by ManCI as a corrections officer. In her Amended Complaint, plaintiff alleges that her supervisor, Andre Battle, subjected her to repeated unwelcome sexual advances in the workplace. (Docket No. 22, Am. Compl. ¶¶ 10, 12-15.) These advances took the form of suggestive sexual comments, requests for sexual favors, and attempted physical touching. (Am. Compl. ¶¶ 12-15, 21, 26.) Plaintiff also alleges that Officer Battle embarrassed her and exposed her to physical violence in retaliation for her resistance to his sexual advances. (Am. Compl. ¶¶ 11, 22, 28-30.)

She maintains that she reported the harassment to ManCI, and that ManCI and then Warden Bradshaw failed to take appropriate corrective measures. (Am. Compl. ¶¶ 16, 19.) In fact, despite the fact that plaintiff submitted to a voice analysis test to support the veracity of her claims, plaintiff complains that Officer Battle only received a written reprimand. (Am. Compl. ¶¶ 19, 20.) Officer Battle was subsequently permitted to bid for and was awarded a coveted position, while plaintiff alleges that her employment opportunities were unfairly curtailed after she reported the sexual harassment. (Am. Compl. ¶¶ 25, 46.)

In 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission (EEOC). (Am. Compl. ¶ 17.) Following receipt of a "Right to Sue" letter, plaintiff filed the present lawsuit.

It has often been said in sports that one cannot tell the players without a scorecard. Such is surely the case here. To fully frame the issues presented in the pending motions, and to fully understand the evolution of plaintiff's case, it is important to carefully parse the claims raised and the parties against whom the claims are brought. An understanding of the nature of the arguments raised in the dispositive motions, as well as the timing of the filing of the motions and the amended pleadings, is also critical.

In her original Complaint, filed November 10, 2006, plaintiff brought a cause of action under Ohio Rev. Code § 4112.02 for sexual harassment against Officer Battle, a second cause of action under 42 U.S.C. § 1983 against defendants ManCI and DAS for failing to take appropriate corrective action, a third cause of action under Ohio Rev. Code § 4112.02 against defendant Union for loss of employment opportunities, and a fourth and final cause of action under 42 U.S.C. § 1985 against defendants Bradshaw and Tobin and Officer Battle for conspiracy to create a hostile work environment.

On January 19, 2007, all originally named defendants, save defendants Union, DAS, and Bradshaw, filed a motion for judgment on the pleadings. (Docket No. 5.) Through that motion, defendants attacked several perceived deficiencies in the Complaint. Specifically, they argued that the Ohio law claims were barred against individual defendants and the state entities because the individuals enjoyed immunity under Ohio Rev. Code § 9.86 and the state entities enjoyed sovereign immunity. *Id*. at 3-4. They also argued that the state entities were not amenable suit under 42 U.S.C. § 1983 because they were not "persons" as that term is understood in § 1983. *Id.* at 4. Finally, defendants argued that the conspiracy claim under 42 U.S.C. § 1985 was fatally flawed because members of the same legal entity cannot conspire with themselves. *Id.* at 4-5. On March 15, 2007, DAS filed a dispositive motion (Docket No. 17),

3

raising many of the same arguments advanced in the motion for judgment on the pleadings.

On April 2, 2007, and in response to the pending dispositive motions,[3] plaintiff filed her Amended Complaint. This pleading represented a complete overhaul of her claims. Count I, now under 42 U.S.C. § 2000e, was now brought exclusively against defendant ManCI. Count II, still under 42 U.S.C. § 1983, was brought solely against defendant Bradshaw; Count III, under Ohio Rev. Code § 4112.02(C)(2), was limited to defendant Union; and Count IV, under 42 U.S.C. § 1985, was restricted to defendants Bradshaw and Tobin. Plaintiff's Amended Complaint also added a fifth claim, Count V, for retaliation in violation of 42 U.S.C. § 20003-e, against defendant ManCI. As previously mentioned, DAS and Officer Battle were not identified as defendants in the Amended Complaint. Moreover, while defendant Bradshaw remained a defendant in this action, plaintiff failed to serve her in a timely fashion and she was dismissed from the litigation in a decision filed contemporaneously with this Memorandum Opinion. (Docket No. 30.)

## II.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The Court reviews a motion under Rule 12(c) in the same manner it would review a motion under Fed. R. Civ. P. 12(b)(6). *See Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir.

---

[3] At the March 16, 2007 Case Management Conference, the Court granted plaintiff leave "to review his [sic] complaint and determine within 14 days whether or not he [sic] will dismiss some of his [sic] claims." (Docket No. 19.)

4

1990); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.

### LAW AND ANALYSIS

With the filing of the Amended Complaint, many of the arguments raised in the motion for judgment on the pleadings are no longer in play. For example, inasmuch as the claim under Ohio Rev. Code § 4112.02 is no longer brought against defendants ManCI, and Tobin, the arguments that they were immune from suit under this statute are moot. Similarly, the argument that defendant ManCI is not a person amenable to suit under 42 U.S.C. § 1983 is also moot, in light of the fact that defendant Bradshaw is the only defendant sued under that federal statute.[4] Of course, the fact that the Court has dismissed defendant Bradshaw from this action is ultimately fatal to plaintiff's § 1983 claim. (*See* Docket No. 30.)

When all of the dust clears, the questions that still require the Court's attention are reduced to one: should plaintiff's conspiracy claim under 42 U.S.C. § 1985 be dismissed based upon the intracorporate conspiracy doctrine? The Court answers this question in the affirmative.

In her Amended Complaint, plaintiff alleges that defendants Tobin and Bradshaw formed a conspiracy, as defined in § 1985, for the purpose of creating a hostile work

---

[4] In addition, the fact that Officer Battle is no longer a party to the action renders his arguments in support of judgment on the pleadings moot, as well.

5

environment. (Am. Compl. ¶ 53.) To establish a claim for conspiracy under § 1985(3), a plaintiff must prove:

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (internal citations omitted).

The intracorporate conspiracy doctrine states: "[i]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can and it is the general rule that the acts of the agent are the acts of the corporation." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991). Thus, under the intracorporate conspiracy doctrine, two employees or agents of the same corporation cannot form a conspiracy with one another because they are not considered "two or more separate persons."

In *Hull*, the Sixth Circuit utilized the intracorporate conspiracy doctrine to dismiss a § 1985(3) conspiracy claim brought against a school district's superintendent, executive director, and school administrator, all of whom were agents of the school board. *Id*. at 510. In *Johnson*, the Sixth Circuit reaffirmed its holding in *Hull* that the intracorporate conspiracy doctrine applies to § 1985(3) claims. *Johnson*, 40 F.3d at 841. The *Johnson* court did carve out an exception to the intracorporate conspiracy doctrine, noting that where agents act far outside the "course of employment," it may be possible for them to form a conspiracy under § 1985(3). *Id.* However, the court further noted that "internal corporate decisions … would almost always

be within the scope of employment." *Id.*

Nowhere in her Amended Complaint does plaintiff assert that defendants Bradshaw and Tobin were acting outside the course of their employment with ManCI.[5] Instead, plaintiff cites a decades-old Third Circuit case, *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 584 F.2d 1235 (3rd Cir. 1978), *vacated on other grounds*, 442 U.S. 366 (1979), that questions the application of the intracorporate conspiracy doctrine to § 1985(3) claims. (Docket No. 6 at 8.) This Court declines to follow *Novotny* because it is bound by much more recent Sixth Circuit authority that clearly applies the intracorporate corporate doctrine to § 1985(3) claims. *See Johnson,* 40 F.3d at 841; *Hull*, 926 F.2d at 509-10.

The intracorporate conspiracy doctrine bars plaintiff's § 1985(3) claim. When the alleged conspiracy against plaintiff took place, Bradshaw and Tobin were both employees of ManCI: Bradshaw as the Warden and Tobin as a human resource employee. Because both Bradshaw and Tobin were agents of ManCI, they could not have formed a "conspiracy involving two or more persons," under § 1985(3). Thus, plaintiff's conspiracy claim fails, as a matter of law.

### IV.

### CONCLUSION

For all of the foregoing reasons, defendants' motion for judgment on the pleadings (Docket No. 5) is **GRANTED** in part. Count IV is **DISMISSED** with prejudice. Inasmuch as DAS is no longer a party to these proceedings, its motion to dismiss (Docket No. 17) is **DENIED** as moot. Moreover, in light of the fact that defendant Bradshaw has been

---

[5] In fact, the allegations contained in plaintiff's Amended Complaint actually support a finding that Bradshaw and Tobin were acting "in the course of" their employment. Plaintiff specifically alleges that the conspiracy centered around the handling of plaintiff's complaint of sexual harassment and her request for a physical disability accommodation. (Am. Compl. ¶¶ 54, 59.) As employees of ManCI, the handling of these matters were well within the scope of the employment of Bradshaw and Tobin.

dismissed from this action in a separate decision, the only claims remaining are found in Counts I, III, and V.

There have already been numerous delays in this matter. The Court hereby directs the remaining parties to expeditiously complete discovery. A status conference is scheduled for October 3, 2007 at 9:00 a.m. to take place in Chambers 526, United States Courthouse, 2 South Main Street, Akron, Ohio 44308. Lead counsel, parties and party representatives, as well as anyone with settlement authority, are required to attend.

**IT IS SO ORDERED.**

Dated: September 24, 2007
*s/ Sara Lioi*
Hon. Sara Lioi
United States District Judge